# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAMPAIGN LEGAL CENTER,<br>1101 14th Street NW, Suite 400<br>Washington, DC 20005<br><br>*and*<br><br>AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>　　　　　　　　　　*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br>245 Murray Lane SW<br>Washington, DC 20528<br><br>*and*<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br>5900 Capital Gateway Drive<br>Camp Springs, MD 20588<br><br>　　　　　　　　　　*Defendants*. | Case No. 25-cv-3828 |

## COMPLAINT

1. On March 25, 2025, President Trump issued Executive Order 14248, titled "Preserving and Protecting the Integrity of American Elections," which directed the U.S. Department of Homeland Security ("DHS") to work in connection with the U.S. DOGE Service,

1

the Social Security Administration ("SSA"), and other federal agencies to use state voter rolls to search for potential alleged illegal voting by non-U.S. citizens.[1]

2. Executive Order 14248 instructed DHS to grant state and local officials access to "appropriate systems" to verify the citizenship or immigration status of individuals registered to vote in their states.[2]

3. Executive Order 14248 further instructed DHS, in coordination with the U.S. DOGE Administrator, to "review each State's publicly available voter registration list . . . alongside Federal immigration databases" to identify potential instances of non-citizen voter fraud.[3]

4. Executive Order 14248 also instructed SSA to "take all appropriate action to make available the Social Security Number Verification Service, the Death Master File, and any other Federal databases containing relevant information to all State and local election officials engaged in verifying" voter eligibility.[4]

5. To implement this executive order, U.S. Citizenship and Immigration Services ("USCIS") announced that it was partnering with SSA, DHS, and the U.S. DOGE Service to update its Systematic Alien Verification for Entitlements ("SAVE") system, which has historically been used to determine the eligibility of certain categories of individuals applying for certain public benefits.[5]

---

[1] *See* Exec. Order No. 14248, *Preserving and Protecting the Integrity of American Elections*, 90 Fed. Reg. 14005 (Mar. 25, 2025), https://www.govinfo.gov/content/pkg/FR-2025-03-28/pdf/2025-05523.pdf.
[2] *Id.* § 2(b)(i).
[3] *Id.* § 2(b)(iii).
[4] *Id.* § 3(a).
[5] *See USCIS Deploys Common Sense Tools to Verify Voters*, USCIS (May 22, 2025), https://www.uscis.gov/newsroom/news-releases/uscis-deploys-common-sense-tools-to-verify-voters.

6. The updated SAVE system—repurposed as a voter maintenance database—would allegedly combine existing SAVE information, data from personal information systems managed by SSA, and data from other federal agencies and systems, and would allow state and local election officials to search the broadened federal database using the last four digits of a voter's Social Security number, as well as their name and date of birth, to purportedly verify if the individual is a U.S. citizen.[6]

7. SSA has acknowledged in the past that matches between its database and voter-registration records have yielded a 28.5 percent error rate, due to errors such as misspellings and transposed numbers.[7]

8. More than 33 million voters across several states, including Louisiana, Texas, Indiana, and Ohio, have had their personal information uploaded to and analyzed by this new federal system to purportedly determine their citizenship status and voter eligibility.[8]

9. Despite the significant scope of this new federal database containing troves of information about millions of voters, very little information is known regarding the sources of this data, how the data is protected once it is uploaded, who has access to the data, the level of inaccuracy in the results of any searches through this data, and for what other purposes the data may be used.[9]

10. Under the Privacy Act of 1974, federal agencies must give public notice about new ways they intend to collect or use Americans' personal data information; no such notice has been

---

[6] *See* Jude Joffe-Block & Miles Parks, *33 Million Voters Have Been Run Through a Trump Administration Citizenship Check*, NPR (Sept. 11, 2025, 1:37 PM), https://www.npr.org/2025/09/10/nx-s1-5477367/save-election-citizenship-data-trump.
[7] *See Voter Database Glitches Could Disenfranchise Thousands*, ABC News (Sept. 17, 2008, 9:56 AM), https://abcnews.go.com/Technology/story?id=5822298.
[8] *See* Joffe-Block & Parks, *supra* note 6.
[9] *See id.*

3

published for the changes made to the SAVE system in connection with the implementation of Executive Order 14248, and, prior to October 31, 2025, DHS and USCIS had taken no public steps to publish such a notice.[10]

11.     Plaintiffs Campaign Legal Center and American Oversight submitted requests under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking information related to this cross-agency effort to create a wide-ranging federal database of voter information.

12.     Campaign Legal Center and American Oversight now bring this action against the U.S. Department of Homeland Security and U.S. Citizenship and Immigration Services under FOIA, 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA and the release of records related to this new federal effort to surveil registered voters.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

14.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

15.     Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, Plaintiffs are deemed to have exhausted their administrative remedies pursuant to

---

[10] *See* Jude Joffe-Block & Miles Parks, *The Trump Administration Is Building a National Citizenship Data System*, NPR (June 29, 2025, 5:00 AM), https://www.npr.org/2025/06/29/nx-s1-5409608/citizenship-trump-privacy-voting-database. On October 31, 2025, DHS and USCIS issued a Notice of Modified System of Records, docket number USCIS-2025-0337, proposing to modify and reissue the DHS SORN related to SAVE. *See* Notice, *Privacy Act of 1974; System of Records*, U.S. Dep't of Homeland Sec. (Oct. 31, 2025), https://www.federalregister.gov/documents/2025/10/31/2025-19735/privacy-act-of-1974-system-of-records.

5 U.S.C. § 552(a)(6)(C)(i) and are now entitled to judicial action enjoining Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

16. Plaintiff Campaign Legal Center is a nonpartisan, non-profit section 501(c)(3) organization dedicated to advancing democracy through law at the federal, state, and local levels. Campaign Legal Center works extensively on issues related to elections and voting rights, to ensure every American's right to responsive government and a fair opportunity to participate in and affect the democratic process. To protect and improve the democratic system, Campaign Legal Center uses tactics such as litigation, policy advocacy, and other public education tools. The organization is incorporated under the laws of the District of Columbia.

17. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

18. Defendant U.S. Department of Homeland Security is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession, custody, and control of records that Plaintiffs seek.

19. Defendant U.S. Citizenship and Immigration Services is headquartered in Camp Springs, MD, and is a component of DHS, an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). USCIS has possession, custody, and control of records that Plaintiffs seek.

## STATEMENT OF FACTS

20. On August 7, 2025, Campaign Legal Center and American Oversight jointly submitted FOIA requests to several agencies, including DHS and USCIS. These requests sought records with the potential to shed light on the implementation of Executive Order 14248 and associated activities, including the U.S. DOGE Service's involvement in the creation of a federal voter maintenance database and other federal efforts to search for alleged or potential non-citizen voter fraud using state voter rolls.

*DHS Communications Request*

21. On August 7, 2025, Campaign Legal Center and American Oversight submitted a FOIA request to DHS bearing internal tracking number DHS-25-1958 ("DHS Communications Request"), seeking the following records from April 1, 2025, through the date the search is conducted:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) <u>sent by</u> any of the officials listed below <u>and</u> containing both a key term from Column A and a key term from Column B.
>
> <u>DHS Officials</u>:
> i.  Kristi Noem, Secretary
> ii. Troy Edgar, Deputy Secretary
> iii. Andrew Whitaker, Executive Secretary
> iv. Joseph Mazzara, Acting General Counsel
> v.  Rob Law, Senior Advisor
> vi. Tony Pham, Senior Advisor
> vii. Philip Hegseth, Senior Advisor
> viii. Corey Lewandowski, Special Government Employee
> ix. Anyone serving as Chief of Staff

Key Terms:

| Column A | Column B |
|---|---|
| a.   DOGE<br>b.   D.O.G.E.<br>c.   "Department of Government Efficiency"<br>d.   USDS<br>e.   U.S.D.S.<br>f.   Musk<br>g.   "Steve Davis" | a.   vot*<br>b.   election<br>c.   elections<br>d.   database<br>e.   "registration data"<br>f.   "registration list"<br>g.   "registration lists"<br>h.   "registration file"<br>i.   "registration files"<br>j.   "registration information"<br>k.   SAVE<br>l.   "Systematic Alien Verification for Entitlements"<br>m.   "list maintenance"<br>n.   "roll maintenance"<br>o.   "clean roll"<br>p.   "clean rolls"<br>q.   "clean list"<br>r.   "clean lists"<br>s.   non-citizen<br>t.   "non citizen"<br>u.   noncitizen<br>v.   non-US<br>w.   non-U.S.<br>x.   "non US"<br>y.   "non U.S." |

Please note that Requestors are using the asterisk (*) to designate the standard use of "wildcards" in the search for responsive records. For example, a search for "vot*" would return all of the following: vote, voter, voting, voted, etc. If your agency is unable to search for wildcards, please advise so that we may specifically include the variations that we would like searched.

To clarify, an email sent by an official that included both "DOGE" and "vot*" would be responsive. An email sent by an official that included "DOGE" but did not include any of the terms listed in Column B would not be responsive.

To the extent that your agency has the capacity to run Boolean searches, Requestors believe the following search string is an example of one that would be most effective in the search for responsive records: "DOGE" AND ("vot*" OR "election" OR "elections" OR "database", etc.). Requestors are

available to work with you to construct an appropriate search, based on your search capabilities, to most efficiently identify responsive records.

In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, the Requestors have limited this request to emails sent by the specified individuals. To be clear, however, the Requestors still request that complete email chains be produced, displaying both sent and received messages. This means that both an individual's response to an email and the initial received message are responsive to this request and should be produced.

22. On August 11, 2025, DHS acknowledged receipt of this request and assigned it agency tracking number 2025-HQFO-05815, "invoke[d] a 10-day extension for [this] request pursuant to 6 C.F.R. Part 5 § 5.5(c)," and conditionally granted Plaintiffs' request for a fee waiver.

23. As of the date of this Complaint, Plaintiffs have received no further communications from DHS regarding this FOIA request.

*USCIS Communications Request*

24. On August 7, 2025, Campaign Legal Center and American Oversight submitted a FOIA request to USCIS bearing internal tracking number DHS-USCIS-25-1959 ("USCIS Communications Request"), seeking the following records from April 1, 2025, through the date the search is conducted:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) <u>sent by</u> any of the officials listed below <u>and</u> containing both a key term from Column A and a key term from Column B.
>
> <u>USCIS Officials</u>:
> i. Angelica Alfonso-Royals, Acting Director
> ii. Kika Scott, Acting Deputy Director
> iii. Aaron Calkins, Chief of Staff
> iv. Heather Martin, Acting Deputy Chief of Staff
> v. Larry C. DeNayer, Acting Associate Director, Immigration Records and Identity Services Directorate
> vi. Brandon Fauquet, Acting Associate Director, External Affairs Directorate
> vii. David Jennings, Associate Chief

8

viii.   Kyle Schutt

<u>Key Terms</u>:

| Column A | Column B |
|---|---|
| a.   DOGE<br>b.   D.O.G.E.<br>c.   "Department of Government Efficiency"<br>d.   USDS<br>e.   U.S.D.S.<br>f.   Musk<br>g.   "Steve Davis" | a.   vot*<br>b.   election<br>c.   elections<br>d.   database<br>e.   "registration data"<br>f.   "registration list"<br>g.   "registration lists"<br>h.   "registration file"<br>i.   "registration files"<br>j.   "registration information"<br>k.   SAVE<br>l.   "Systematic Alien Verification for Entitlements"<br>m.   "list maintenance"<br>n.   "roll maintenance"<br>o.   "clean roll"<br>p.   "clean rolls"<br>q.   "clean list"<br>r.   "clean lists"<br>s.   non-citizen<br>t.   "non citizen"<br>u.   noncitizen<br>v.   non-US<br>w.   non-U.S.<br>x.   "non US"<br>y.   "non U.S." |

Please note that Requestors are using the asterisk (*) to designate the standard use of "wildcards" in the search for responsive records. For example, a search for "vot*" would return all of the following: vote, voter, voting, voted, etc. If your agency is unable to search for wildcards, please advise so that we may specifically include the variations that we would like searched.

To clarify, an email sent by an official that included both "DOGE" and "vot*" would be responsive. An email sent by an official that included "DOGE" but did not include any of the terms listed in Column B would not be responsive.

To the extent that your agency has the capacity to run Boolean searches, Requestors believe the following search string is an example of one that

>would be most effective in the search for responsive records: "DOGE" AND ("vot*" OR "election" OR "elections" OR "database", etc.). Requestors are available to work with you to construct an appropriate search, based on your search capabilities, to most efficiently identify responsive records.
>
>In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, the Requestors have limited this request to emails sent by the specified individuals. To be clear, however, the Requestors still request that complete email chains be produced, displaying both sent and received messages. This means that both an individual's response to an email and the initial received message are responsive to this request and should be produced.

25. On September 22, 2025, USCIS acknowledged receipt of this request and assigned it agency tracking number COW2025004909, granted Plaintiffs' request for a fee waiver, and "invoke[d] a 10 business day extension for [this] request pursuant to 5 U.S.C. § 552(a)(6)(B)."

26. As of the date of this Complaint, Plaintiffs have received no further communications from USCIS regarding this FOIA request.

*Exhaustion of Administrative Remedies*

27. As of the date of this Complaint, Defendants have failed to: (a) notify Campaign Legal Center and American Oversight of a final determination regarding their FOIA requests, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

28. Through Defendants' failure to respond to Plaintiffs' FOIA requests within the time period required by law, Plaintiffs have constructively exhausted their administrative remedies and now seek immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

29. Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them as though fully set forth herein.

30. Plaintiffs properly requested records within Defendants' possession, custody, and control.

31. Defendants are agencies subject to and within the meaning of FOIA, and they must therefore make reasonable efforts to search for requested records.

32. Defendants have failed to promptly and adequately search for agency records that are responsive to Plaintiffs' FOIA requests.

33. The failure of each Defendant to conduct an adequate search for responsive records violates FOIA.

34. Plaintiffs Campaign Legal Center and American Oversight are therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to their FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

35. Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them as though fully set forth herein.

36. Plaintiffs properly requested records within Defendants' possession, custody, and control.

37. Defendants are wrongfully withholding non-exempt agency records requested by Plaintiffs by failing to produce non-exempt records responsive to their FOIA requests.

11

38. Defendants are wrongfully withholding non-exempt agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA requests.

39. Each Defendant's failure to provide all non-exempt responsive records violates FOIA.

40. Plaintiffs Campaign Legal Center and American Oversight are therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to their FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, Campaign Legal Center and American Oversight respectfully request the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to their FOIA requests;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA requests with indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA requests;

(4) Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Plaintiffs such other relief as the Court deems just and proper.

Dated: October 31, 2025

Respectfully submitted,

*/s/ Jessica Jensen*
Jessica Jensen
D.C. Bar No. 1048305
Benjamin A. Sparks
D.C. Bar No. 90020649
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5246
jessica.jensen@americanoversight.org

*Counsel for Plaintiffs*

Jonathan Diaz
D.C. Bar No. 1613558
Daniel S. Lenz*
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Suite 400
Washington, DC 20005
(202) 736-2200
jdiaz@campaignlegalcenter.org
dlenz@campaignlegalcenter.org

*Counsel for Plaintiff Campaign Legal Center*

**Application for Admission Pro Hac Vice Forthcoming*