UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAMPAIGN LEGAL CENTER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Civil Action No. 25-3828 (RBW) |

## ANSWER[1]

Defendants the Department of Homeland Security (the "Department") and its component, U.S. Citizenship and Immigration Services ("USCIS") (collectively "Defendants"), by and through undersigned counsel, respectfully submit the following Answer to Plaintiffs' Complaint filed on October 31, 2025, in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") action. All allegations not specifically admitted are denied.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendants respond to the Compliant in like numbered paragraphs as follows:

---

[1] For ease of reference, Defendants refer to Plaintiffs' headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

1.-10.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

11.    Defendants admit they received FOIA requests from Plaintiffs Campaign Legal Center and American Oversight.  The remainder of the allegations in this paragraph consist of Plaintiffs' characterization of their FOIA requests, to which no response is required as the FOIA request speaks for itself, and Defendants respectfully refer this Court to those requests as the best evidence of its contents and denies all allegations inconsistent therewith.

12.    The allegations in Paragraph 12 consists of Plaintiffs' characterization of this action and requested relief brought pursuant to the Freedom of Information Act ("FOIA"), to which no response is required.  To the extent a response is required, Defendants deny.

## JURISDICTION AND VENUE

13.    The allegations in Paragraph 13 consist of conclusions of law regarding jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendants admit that the Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

14.    The allegations in Paragraph 14 consist of conclusions of law regarding venue, to which no response is required.  To the extent a response is deemed required, Defendants admit that venue is proper in this judicial district for a properly stated FOIA claim.

15.     Paragraph 15 consists of Plaintiffs' requests for relief and conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

**PARTIES**

16.     Paragraph 16 contains Plaintiff Campaign Legal Center's characterization of itself, to which no response is required. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17.     Paragraph 17 contains Plaintiff American Oversight's characterization of itself, to which no response is required. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

18.     Defendants admit that DHS is a department of the executive branch of the U.S. government headquartered in Washington, D.C. and a federal agency within the meaning of the FOIA. The remaining allegations in this paragraph consist of conclusions of law to which no response is required.

19.     Defendants admit that USCIS is a component of DHS headquartered in Camp Springs, Maryland and a federal agency within the meaning of the FOIA. The remaining allegations in this paragraph consist of conclusions of law to which no response is required.

**STATEMENT OF FACTS**

20.     Defendants admit they each received a FOIA request from Plaintiffs Campaign Legal Center and American Oversight on August 7, 2025.  To the extent that the allegations purport to characterize those FOIA requests, those requests speak for themselves, and Defendants respectfully refer this Court to those requests as the best evidence of their content and deny all allegations inconsistent therewith.

*DHS Communications Request*

21.     Defendants admit they each received a FOIA request from Plaintiffs Campaign Legal Center and American Oversight on August 7, 2025.  To the extent that the allegations purport to characterize a FOIA request, that request speaks for itself, and Defendants respectfully refer this Court to that request as the best evidence of its contents and deny all allegations inconsistent therewith.

22.     Defendants admit that on August 11, 2025, it sent an email acknowledging receipt of Plaintiffs' FOIA request dated August 7, 2025, assigning it tracking number 2025-HQFO-05815, and invoked a 10-day extension to respond to the request. Defendants respectfully refer the Court to request for a full and accurate statement of its contents and deny all allegations inconsistent therewith.

23.     Defendants admit that as of the date of Plaintiffs' complaint, DHS had not provided Plaintiffs with further communication regarding the FOIA request.

*USCIS Communications Request*

24.     Defendants admit they each received a FOIA request from Plaintiffs Campaign Legal Center and American Oversight on August 7, 2025.  To the extent that the allegations purport to characterize a FOIA request, that request speaks for itself, and Defendants respectfully refer this Court to that request as the best evidence of its contents and deny all allegations inconsistent therewith.

25.     Defendants admit that on September 22, 2025, it sent an email acknowledging receipt of Plaintiffs' FOIA request dated August 7, 2025, assigning it tracking numberCOW2025004909, and invoked a 10-business day extension to respond to the request. Defendants respectfully refer the Court to the request for a full and accurate statement of its contents and deny all allegations inconsistent therewith.

26.     Defendants admit that as of the date of Plaintiffs' complaint, USICS had not

provided Plaintiffs with further communication regarding the FOIA request.

*Exhaustion of Administrative Remedies*

27.     Defendants admit that as of the date of Plaintiffs' complaint, it had not provided Plaintiffs with further communication regarding FOIA request.

28.     Paragraph 28 consists of conclusions of law to which no response is required.

## COUNT I

**Violation of FOIA, 5 U.S.C. 552**
**Failure to Conduct Adequate Searches for Responsive Records**

29.      Defendants repeat and re-incorporate their responses to the preceding paragraphs as though fully set forth herein.

30.     Paragraph 36 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

31.     Defendants admit that they are federal agencies within the meaning of the FOIA. The remaining allegations in this paragraph consist of conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations.

32.     Paragraph 32 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

33.     Paragraph 33 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

34.     Paragraph 34 consists of Plaintiffs' requests for relief and conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

## COUNT II

5

**Violation of FOIA, 5 U.S.C. 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

35.     Defendants repeat and re-incorporate its responses to the preceding paragraphs as though fully set forth herein.

36.     Paragraph 36 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

37.     Paragraph 37 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

38.     Paragraph 38 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

39.     Paragraph 39 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

40.     Paragraph 40 consists of Plaintiffs' requests for relief and conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

## REQUESTED RELIEF

The remainder of the Complaint consists of Plaintiffs' request for relief to which no response is required.  To the extent that a response is deemed required, Defendants deny that Plaintiffs are entitled to any of the relief requested.

## DEFENSES

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation.  Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiffs as a matter of law.

## FIRST DEFENSE

6

Plaintiffs are not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

## SECOND DEFENSE

Defendants have exercised due diligence in processing Plaintiffs' FOIA requests, and exceptional circumstances exist that necessitate additional time for Defendants to continue its processing of Plaintiffs' FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over any of Plaintiffs' requests for relief that exceed the relief authorized by the FOIA.

## FOURTH DEFENSE

FOIA does not provide for declaratory relief against a federal agency.

## FIFTH DEFENSE

Plaintiffs are neither eligible for nor entitled to attorneys' fees or costs.

## SIXTH DEFENSE

Defendants have not improperly withheld records requested by Plaintiffs under FOIA.

## SEVENTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at \*3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not

7

material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at \*11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: December 3, 2025
      Washington, DC

              Respectfully submitted,

              JEANINE FERRIS PIRRO
              United States Attorney

              By:        */s/ Derrick A. Petit*
                    Derrick A. Petit, D.C. Bar 144466
                    Assistant United States Attorney
                    601 D Street, NW
                    Washington, DC 20530
                    (202) 252-7269
                    Derrick.Petit@usdoj.gov

              *Attorneys for the United States of America*

8